

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

*Judiciary Center*
555 Fourth St. N.W.
Washington, D.C. 20001

June 15, 2006

**By U.S. Mail**
Danielle Jahn
Federal Public Defender
625 Indiana Ave., N.W.
Suite 550
Washington, DC 20004
202-208-7500 ext. 135
dani_jahn@fd.org

                Re:     United States v. Robert Jenkins
                         Case No. 06-141 (CKK)

Dear Counsel:

      I am writing to provide you with certain information in response to your request for discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure as well as a plea offer.

**I.**     **Charges and Plea Offer**

      Your client, Robert Jenkins, FBI No. 200835JB4, is currently charged with the following offenses: Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) and one count of Simple Possession of a Controlled Substance (Marijuana), in violation of 21 U.S.C. § 844.

      If your client agrees to plead guilty to Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, the government will agree to:

1. dismiss the remaining or greater charges at the time of sentencing;
2. both parties mutually reserve the right to allocate as to whether your client should be incarcerated pending sentencing;
3. waive any applicable enhancement papers that might apply;
4. agree to recommend to the court a three level downward adjustment for acceptance of responsibility; and

    5.    reserve its right to allocute at the time of sentencing (but will agree not to oppose sentencing at the low end of the sentencing guideline range). The government nonetheless retains its full right to allocute and request any legal sentence following any probation or supervised release revocation proceeding.

This plea offer must be accepted and the guilty plea entered by your client within **ten (10) days of your client's initial appearance.** Furthermore, this plea offer will be considered revoked upon your client's re-arrest or violation of any condition of release. The government reserves the right to withdraw this plea offer at any time prior to acceptance. Please be advised that subsequent plea offers will be less favorable to your client.

II.    Discovery

    A.    **Documents**

Copies of the following documents are enclosed with this letter:

- Indictment PD-163
- ATF Report No. 1 (2 pages)
- ATF Report No. 2 (2 pages)
- ATF Report No. 3 (1 page)
- PD 163 (2 pages)
- ATF Advice of Rights
- DEA7 marijuana and analysis (2 pages)
- Defendant's Lease (7 pages)
- Lease account ledger (1 page)
- Conviction from PG County No. CT001027B (11 pages)
- Photo copies of photographs (7 pages)

    B.    **Evidence**

        1.    **Physical Evidence**

At trial the government may seek to introduce the physical evidence that is described on the attached police reports and those items listed below. This evidence includes:

- Guns and ammunition
- drugs and packaging as indicated in the attached paperwork and completed laboratory analysis
- Photographs of the scene, evidence and your client
- Diagrams or maps of the location where the incident occurred
- Lease
- Eviction Order and Notice

    **2.**    **Radio Run Information**



        The government believes there are no recorded communications relevant to this case.
    X    The government believes that there may be recorded communications relevant to this case. The recording will be provided consistent with the government's obligations under the <u>Jencks</u> Act. Should we determine that we may use the recorded communications as evidence at trial, we will provide you a copy of the tape after we receive it.

    **3.**    **Identification Evidence**

The government is not aware of any identification procedure used in this case.

    **4.**    **Inspection**

Upon request, you are entitled to inspect and copy or photograph certain books, papers, documents, photographs, tangible objects, buildings or places that are within the possession, custody or control of the government. *See* Fed R. Crim. P. 16(a)(1)(E). If you would like to view any of the evidence listed above or described on the attached police reports, please contact me immediately and we can make arrangements for you, or your certified investigator, to inspect the evidence. These arrangements will include a condition that you not raise any objection to the admissibility of such evidence at trial because of the break in the chain-of-custody occasioned by your inspection.

    **5.**    **Reports of Examinations or Tests and Experts**

The government has provided the Certificate of Firearms Examination with this letter, as well as the chemical analysis of the drugs. The government has not determined whether fingerprints were obtained in this case, but will provide any fingerprint information as soon as the information becomes available.

    **C.**    **RULE 404(b) EVIDENCE (known at this time)**

The government may seek to admit evidence pursuant to FRE 404(b). In the event that the government seeks to introduce such evidence at trial an appropriate notice will be filed.

    **D.**    **Defendant's Rule 16 Statements**

The defendant made the statements summarized in ATF Form Numbers 1 and 2, provided with this letter. If the government becomes aware of any additional statements made by your client

you will be notified in writing.

### E.    Criminal Record

The government is aware that your client has one felony conviction for Possession with the Intent to Distribute Cocaine, as referenced in the Indictment. Please refer to the Pretrial Services Report that you received at arraignment for further information about your client's record. I will notify you in writing if the government learns of any additional convictions.

### F.    Government's Discovery Requests

The government hereby makes a reverse discovery request pursuant to Fed. R. Crim. P. 16(b), including, but not limited to the following:

- notice of documents and tangible objects the defendant expects to introduce;

- a Jencks request for all prior statements of any defense witness (excluding the defendant);

- a Lewis request (for which we request the name, date of birth, sex, and social security number of each defense witness prior to trial); and

- a request for information pertaining to any expert or scientific testimony or evidence;

Pursuant to Fed. R. Crim. P. 16, we note our continuing request to receive any material pursuant to Rule 16(b) as the case proceeds.

### G.    Alibi Demand

The government makes an alibi demand pursuant to Fed R. Crim. P. 12.1. In accord with Rule 12.1, the government hereby notifies you that the time, date and place of the offense are indicated on the accompanying police paperwork. Pursuant to Rule 12.1, in the event you intend to offer an alibi defense, please direct the appropriate notice to the assigned AUSA within ten days.

### H.    Other Information (Brady / Lewis / Giglio)

The government is unaware of any Brady or Giglio information, but is aware of its continuing duty to disclose such information should it become known. Lewis information for the government's witnesses will be provided to you at the time of trial.

**III. Contact Information**

If you have any questions about the information provided above, you may contact me by telephone, fax, mail, or e-mail.

    Perham Gorji
    Office of the United States Attorney
    Federal Major Crimes Section
    Room 4233
    555 Fourth Street, N.W.
    Washington, D.C.  20530

    Office:    202-353-8822
    Fax:    202-616-3782
    E-mail:    perham.gorji@usdoj.gov

If you file any pleading in this case, please note that our zip code has changed recently to 20530.  Also, please fax any pleadings or correspondence so that we may be assured receipt of the document.

    Sincerely,

    KENNETH L. WAINSTEIN
    United States Attorney


By:
    PERHAM GORJI
    Assistant United States Attorney


cc: District Court Case File (without attachments)