## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **CRIMINAL NO.  06-141 (CKK)** |
| | : | |
| **v.** | : | |
| | : | |
| **ROBERT JENKINS,** | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES' MEMORANDUM  IN AID OF
## SENTENCING AND MOTION FOR THREE POINT REDUCTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing and Motion for Three Point Reduction, recommending that the defendant be sentenced to 30 months of imprisonment, following by 2 years of supervised release.  In support thereof, the United States respectfully states the following:

<u>Background</u>

1.      On November 7, 2005, deputy marshals of United States Marshals Service were executing an eviction order at 4660 MLK Avenue, S.W., Apt. B904, Washington, D.C., which residence was being leased by the defendant.  During the protective sweep and search of the unit, the deputy marshals found five firearms, ammunition and marijuana.  At approximately 10:30 a.m., agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") responded to the apartment to recover the items.  In the defendant's bedroom, between the mattress and the box spring, were a Mossberg 12 gauge shotgun, bearing serial number K404898, and a Lorcin Model

L380 pistol, bearing serial number 530956. The shotgun was unloaded and the Lorcin pistol had one round in the chamber. In the second bedroom closet, between some folded sheets, were a Heckler & Koch USP 9 mm semi-automatic pistol, bearing serial number 24-25207, and a Glock 27 .40 caliber pistol, bearing serial number BVK245. Both of these firearms contained ammunition. In addition, ammunition was found in a DVD box in the second bedroom. In the hall closet, was an AMT .380 Kurz pistol, bearing serial number A18589. The Kurz pistol was found unloaded, in a bag also containing an empty magazine and loose ammunition. In the kitchen, ATF agents recovered additional ammunition, a digital scale and a sandwich bag containing a green leafy substance, which field tested positive for THC, and was later confirmed by DEA analysis to be marijuana, weighing approximately 3.0 grams.

The defendant was later advised of and waived his Miranda rights. The defendant stated that his god-brother, Darnell Jones, stayed in the second bedroom, but admitted possessing all of the recovered firearms. The defendant stated that he had purchased all of the firearms for approximately $1500.00.

At the time of the execution of the eviction order, the defendant had previously been convicted on November 20, 2002, in Prince Georges County Criminal Case No. CT001027B, of possession of cocaine, in violation of Article 27, Section 287 of the Annotated Code of Maryland, an offense punishable by more than one year imprisonment.

On June 29, 2006, the defendant was charged by indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1) ("felon in possession of a firearm") and possession of marijuana, in violation of Title 18,

United States Code, Section 844.

To his credit, the defendant accepted responsibility for his conduct at the inception of this case and pled guilty on October 27, 2006, to the felon in possession of a firearm charge, pursuant to the government's plea offer. The government agreed not to oppose a reduction for early acceptance of responsibility or a sentence at the low end of the defendant's applicable range under the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual</u> (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Consistent with the plea agreement, the government hereby moves the for a three-point reduction in the defendant's total offense level under the Sentencing Guidelines. In addition, the government moves to dismiss Count Two of the indictment charging the defendant with possession of marijuana.

<u>Statutory Penalties</u>

5.     Pursuant to Title 18 United States Code, Section 924(a)(2), the felon in possession of a firearm charge carries a penalty of imprisonment of not more than 10 years, as well as a period of supervised release of not more than three years, pursuant to Title 18 United States Code, Section 3583, and a fine up to $250,000, pursuant to Title 18 United States Code, Section 3571. A mandatory assessment of $100 must also be imposed for the felony conviction pursuant to Title 18 United States Code, Section 3013.

<u>Sentencing Guidelines</u>

6.     Under the Sentencing Guidelines, based on the information set forth in the Presentence Investigation Report ("PSR"), the defendant's total offense level is 19. U.S.S.G. §§2K2.1.(a)(4)(A), 2K2.1(b)(1)(A) and 3E1.1. The defendant's criminal history is 1 point, placing him in criminal history Category One. U.S.S.G. Chapter 5, Part A. Accordingly, the defendant's

applicable range of incarceration is 30 to 37 months of imprisonment.  The Sentencing Guidelines also provide for a period of supervised release of at least two, but not more than three years. U.S.S.G. §5D1.2(a)(2).  The fine range under the Sentencing Guidelines is $6,000 to $60,000. U.S.S.G. §5E1.2(c)(3).

Sentencing Recommendation

7.    The government recommends that the defendant be sentenced to 30 months incarceration, followed by 2 years of supervised release.  The government's recommendation, which falls at the low end of the defendant's applicable Sentencing Guidelines range, is reasonable.  In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment.  The Court invalidated the statutory provision that made the Guidelines mandatory: Title 18, United States Code, Section 3553(b)(1).  Booker, 124 S. Ct. at 764. The Court upheld the remainder of the Guidelines as the most appropriate benchmark for informing courts as to the most reasonable sentence for a particular defendant who has committed a particular crime.  Indeed, it remains the case that if the sentencing court imposes a sentence that is outside the range as set forth in the Guidelines, the Court must state in a written order of judgment and commitment the specific reason for the imposition of a sentence different from that described in the Guidelines.  See 18 U.S.C. § 3554(c)(2).  The sentence will then be subject to review by courts of appeals for "reasonableness."  Booker, 124 S. Ct. at 766.

8.    In Booker's wake, this Court must continue to resolve disputed questions of fact and law  and correctly calculate a defendant's sentence under the existing Sentencing Guidelines.  See Fed. R. Crim. P. 32(i)(3)(B) (court must rule on unresolved objections to the Presentence Report or determine that resolution not necessary to sentencing).  "The district courts, while not bound to apply

-4-

the Guidelines, must consult those Guidelines and take them into account when sentencing."
Booker, 124 S. Ct. at 767 (citing 18 U.S.C.A. §§ 3553(a)(4)&(5) (Supp. 2004)).   In light of this
mandate – and the continued requirement of written explanations for sentences that fall outside of
the range called for by the Guidelines and the new standard of "reasonableness" review – it is plain
that a sentence within the Guidelines, while not required, is reasonable per se.  Not only is a sentence
within the Guidelines range presumptively reasonable, but it also accommodates the salutary goal,
endorsed by both Congress and the Supreme Court, of meting out fair and uniform sentences.  A
sentence of 30 months incarceration, within the defendant's Sentencing Guidelines range, satisfies
this goal.

        9.     A sentence within the Sentencing Guideline range is not only presumptively
reasonable for the reasons outlined above, but it is reasonable and appropriate for this defendant
based on the facts of this case, when viewed in conjunction with the defendant's criminal history and
willingness to accept responsibility at an early stage in the case.  The recommended sentence of 30
months imprisonment is also supported by the factors to be considered by courts as articulated in 18
U.S.C. § 3553(a).  This provision provides, in pertinent part, that when fashioning a sentence, courts
should consider (1) the circumstances surrounding the instant offense and the defendant's criminal
history, (2) the seriousness of the offense and the need to promote respect for the law and
punishment, (3) potential deterrence, (4) protecting the public, and (5) the rehabilitative needs of the
defendant.  Id.

WHEREFORE, based upon the above discussion, and the information reflected in the presentence report, the United States respectfully recommends a period of 30 months of incarceration, followed by a 2 year period of supervised release.

Respectfully,

JEFFREY A. TAYLOR
United States Attorney


By: _____/s/_____
PERHAM GORJI
ASSISTANT UNITED STATES ATTORNEY
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4233
Washington, D.C. 20530
Phone: (202) 353-8822
Fax: (202) 616-3782


CERTIFICATE OF SERVICE

I hereby certify that a copy of the United States' Memorandum in Aid of Sentencing and Motion for Three Point Reduction was served by first class mail upon counsel of record for the defendant, Dani Jahn, Esquire, Federal Public Defender, 625 Indiana Ave., N.W., Suite 550, Washington, DC 20004, this 29th day of January, 2007.


_____/s/_____
PERHAM GORJI, AUSA

-6-