UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Cr. No. 06-141 (CKK) |
| : | |
| ROBERT JENKINS, : | |
| : | |
| **Defendant** : | |

**SENTENCING MEMORANDUM**

On October 27, 2006, Mr. Jenkins plead guilty to a count one in the Indictment charging him with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable for a Term Exceeding One Year, in violation of 18 U.S.C. § 922 (g)(1). He will appear before this Honorable Court for sentencing on March 9, 2007. Mr. Jenkins, through undersigned counsel, respectfully submits the following information for the Court's consideration in determining a fair and just sentence.

**BACKGROUND**

On May 26, 2006, a two-count indictment was filed charging Mr. Jenkins with Count One - Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable for a Term Exceeding One Year, in violation of 18 U.S.C. § 922 (g)(1) and Count Two - Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a). On June 7, 2006, notice of the arraignment was set for June 16, 2006. On June 11, 2006, this Court ordered that an arrest warrant be issued in this case. On June 12, 2006, undersigned counsel was assigned to represent Mr. Jenkins and entered an appearance in this case. Shortly thereafter, undersigned counsel made efforts to contact Mr. Jenkins and was advised by his father, Mr.

Robert Jenkins, Sr., that Mr. Jenkins was currently in the state of Georgia and was not aware of the pending indictment. Prior to the arraignment date, contact was made directly with Mr. Jenkins who indicated that he would immediately depart the state of Georgia to return to the D.C. area to appear before this Court as soon as possible.

On June 16, 2006, undersigned counsel advised this Court that Mr. Jenkins was out of the jurisdiction and therefore unable to attend the arraignment. Undersigned counsel explained that Mr. Jenkins was in the state of Georgia and had no knowledge of the pending indictment in the District of Columbia. The charges in the indictment occurred in November 2005, nearly seven months earlier. After hearing arguments of undersigned counsel, this Court granted Mr. Jenkins motion to quash the arrest warrant in this case as long as he appeared at the next arraignment date of June 27, 2006.

On June 27, 2006, Mr. Jenkins appeared for the arraignment and was released on his personal recognizance. On June 29, 2006, a superceding indictment was filed against Mr. Jenkins charging the same violations but correcting the date of the offense. On July 7, 2006, Mr. Jenkins appeared for a status hearing and arraignment on the superceding indictment. At this status hearing, the issue arose as to whether or not Mr. Jenkins' underlying prior conviction was a legal predicate to the charge of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable for a Term Exceeding One Year. This Court then ordered that the Probation Office prepare a criminal history calculation of the sentencing guidelines for inclusion in a pre-sentence report to be shared with all the parties prior to the next court appearance set for August 18, 2006. Also at this status hearing it was learned that Mr. Jenkins had an outstanding warrant in Anne Arundel County, Maryland related to traffic violations that

occurred in 2004.  In light of this outstanding warrant, Mr. Jenkins was arrested by the U.S. Marshals, detained, and ultimately transferred to Anne Arundel County Detention Center.

On August 18, 2006, Mr. Jenkins appeared before this Court for a status hearing after a writ of habeas corpus ad testificandum issued to the warden of Anne Arundel County Detention Center was signed by this Court on July 18, 2006.  At this status hearing, it was determined that the underlying predicate conviction - Misdemeanor Possession of Cocaine in the state of Maryland - qualified as a predicate because the maximum term of imprisonment for such an offense was up to four years in prison regardless of its classification as a misdemeanor in Maryland.  See Probation Memorandum to the Court, July 25, 2006.  In addition, undersigned counsel indicated to the court that Mr. Jenkins had pled guilty to a driving offense in Anne Arundel County and as a result would likely receive a 60-day jail sentence.  Therefore, Mr. Jenkins would likely be released from Anne Arundel County Detention Center sometime in the early part of October 2006.  Mr. Jenkins also indicated his interest in pleading guilty in this case but was unable to have specific discussions about the plea offer with undersigned counsel in light of his incarceration status in Anne Arundel County, Maryland.  Therefore, the court set a plea date of October 27, 2006.  In addition, the Court continued Mr. Jenkins on his pretrial release status of personal recognizance with the caveat that he report to pretrial services within twenty-four hours of his release from Anne Arundel County Detention Center.

On October 27, 2006, Mr. Jenkins appeared before this Court and pled guilty to count one of the indictment pursuant to a written plea agreement.  Pursuant to the plea agreement, the government agreed to a three-level reduction for acceptance of responsibility, pursuant to §3E1.1.

The Pre-Sentence Report calculates the applicable sentencing range under the United

States Sentencing Guidelines (hereinafter "Guidelines") as a range of 12 to 18 months. See PSR, ¶ 57, pg. 12. There are no disputes to this calculation, however, Mr. Jenkins submits that the factors identified in 18 U.S.C. § 3553(a) support his request that he be sentenced to a term of probation.

## ARGUMENT

Notwithstanding the agreements stated in the plea agreement, it should be noted, however, that the Guidelines are not mandatory, but merely advisory. The factors identified in 18 U.S.C. § 3553(a) support Mr. Jenkins's request that he be sentenced to a term of probation. The Court must consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). United States v. Booker, 543 U.S. 220, 260 (2005). These factors include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)). Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, **recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.** (Emphasis added).

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

A review of all of the applicable factors set forth in § 3553(a) demonstrates that a sentence of probation would be warranted in this matter, and that a sentence of imprisonment within the Guideline range would be greater than necessary to meet the sentencing purposes set forth in § 3553(a)(2).

**I.    Factors of Mr. Jenkins that the Court Should Consider under § 3553(a)(1)**

*I.    Nature of the Offense*

The crime to which Mr. Jenkins pled guilty to is a very serious offense. As the PreSentence Report states, on November 7, 2005, U.S. Marshals were executing an eviction order at the residence of Mr. Jenkins whereby the Marshals found five firearms, ammunition, and marijuana. At the time of the eviction, Mr. Jenkins admitted to A.T.F. agents, who were called on scene, that he had possessed the weapons and ammunition found inside his apartment. Despite a confession by Mr. Jenkins, he was not arrested. He was instructed to report for a meeting with the agents of the A.T.F. the following day.

On November 8, 2005, Mr. Jenkins reported to the A.T.F. agents at their office located on I Street, N.W. During this meeting, again Mr. Jenkins admitted to possessing the firearms and ammunition. However, Mr. Jenkins was not told by the agents that he would be charged with

5

any offense related to his admissions. Further, during this meeting, Mr. Jenkins was advised that there was an outstanding warrant for driving violations in the state of Maryland and as a result Mr. Jenkins was taken into custody. Mr. Jenkins was subsequently extradited from the District of Columbia to Maryland.

There is no dispute that Mr. Jenkins has been very candid, forthcoming and cooperative regarding his possession of the firearms and ammunition recovered from his apartment on November 7, 2005. Not only did he immediately admit his wrongdoing, he has complied with every request of law enforcement at every stage of this case as well as his cases involving traffic violations in the state of Maryland.

> II. *Characteristics of the Defendant*

Mr. Jenkins is a 28-year-old man who has been a lifelong resident of the metropolitan D.C. area. Mr. Jenkins's education and employment history tells an important, but incomplete, story. Throughout his life, Mr. Jenkins has tried to do the right thing–going to school, becoming a parent and having a significant impact on the life of his child and family, and maintaining consistent employment. Even in the instant case, while he made a very significant mistake, Mr. Jenkins admitted having done so, waived his right to file any pre-trial motions, accepted responsibility very early on, and pled guilty in a timely fashion.

As evidenced by the attached letters from his family and co-workers - including his father, boss, and girlfriend[1], Mr. Jenkins's actions in this case have impacted him in more ways than he could have ever anticipated. He is a very committed father to his daughter and she is a

---

[1] Please see the attached letters from various family members as well as his boss. As evidenced in these letters, Mr. Jenkins's presence and support for his daughter - both emotionally and financially - contribute to his daughter's stability.

driving force in his life.  As the PreSentence report states as well as the attached letters, Mr. Jenkins has sole custody of his daughter, Sydney who is three years old.  Mr. Jenkins petitioned for sole custody of Sydney.  According to Mr. Jenkins, the mother of Sydney (Takiesha Diggs) did not contest his petition for custody and does not financially provide support for her.   Mr. Jenkins has an extremely close relationship with his daughter and is the primary force in her life.

The combination of Mr. Jenkins's family responsibilities, his extremely close relationship with his daughter, and his consistent and strong employment history clearly warrant a sentence below the applicable guideline range.  If he is incarcerated, Mr. Jenkins's family will be severely impacted.   In particular, his daughter will have to be reared by other family members and Mr. Jenkins will lose his present job as a cable contractor with United States Digital Service.

*III.  Disparity in Sentencing*

Imposing a sentence below the Guideline range would not promote an unwarranted sentencing disparity.  Disparities arise not only from sentencing determinations by courts, but from charging decisions made by the government and by individuals' ability or inability to successfully cooperate with the government.  In the District of Columbia, the United States Attorney's Office has the unilateral ability to determine whether any particular defendant should be charged in local court or charged in federal court.  If Mr. Jenkins had been charged in Superior Court, the only charge applicable to his offense would have been a misdemeanor that would have subjected him to a fine not more than $1,000.00 or imprisoned not more than one year, or both.  See D.C. ST § 7-2507.06.  Had Mr. Jenkins' prior conviction of misdemeanor possession of cocaine not qualified as a predicate offense for a conviction under 18 U.S.C. § 922(g)(1), the only appropriate charge for possessing firearms in his apartment would have been a

misdemeanor. Id. Therefore, Mr. Jenkins would be eligible for a term of straight probation if his case had been prosecuted in Superior Court. However, because Mr. Jenkins's applicable guideline range is in Zone D of the Federal Sentencing Guidelines, a sentence of imprisonment is applicable. Therefore, the fact that a straight probation term is not available to Mr. Jenkins under the Guidelines in district court demonstrates an unwarranted sentencing disparity under § 3553(a).

In addition, the mere fact that Mr. Jenkins' prior conviction occurred in the state of Maryland rather than in the District of Columbia[2] further demonstrates a disparity in sentencing. Had Mr. Jenkins been convicted of Misdemeanor Possession of Cocaine, pursuant to D.C. ST §48-904.01, he would have been subjected no more than 180 days imprisonment, fined not more than $1,000.00, or both. Therefore, Mr. Jenkins' prior conviction would not have qualified as a predicate for a conviction under 18 U.S.C. § 922(g)(1).

When considering potential disparities and the Guidelines, the Court should also consider that in 2003, the Sentencing Commission issued a policy statement, contained in U.S.S.G. §5K3.1, in which the Commission approved of a downward departure of up to 4 levels for defendants who agreed to plead guilty very early on in the proceedings. Disparities unrelated to a defendant's offense or criminal history occur based on the disparate use of this policy statement

---

[2] Approximately 25 states have provisions in their criminal code for misdemeanor related possession of cocaine charges that would not meet the legal predicate for a conviction under 18 U.S.C. § 922(g)(1). Several states (AZ, AK, CO, GA, HI, IL, MI, OK, & VA) have drug court options whereby a judge has the discretion of withholding the entry of guilt until a term of probation has been completed. If a defendant successfully completes the probation terms in these drug court programs, a defendant does not have a felony conviction. The remaining 16 states (CT, DE, DC, IA, KS, ME, MA, MS, NM, NY, OH, PA, TN, VA, VT, WV & WI) have statutes for misdemeanor possession of cocaine whereby the maximum penalty is not more than one year in jail, a fine, or both.

among United States Attorneys' Offices. Our district does not have such a program, while others do.

The merits of the policy statement in § 5K3.1 are readily apparent. Early dispositions conserve scarce prosecutorial and judicial resources. Section 5K3.1 implements the Sentencing Commission's desire that defendants who agree to plead early on in the proceedings receive additional dispensation. Here, Mr. Jenkins admitted his guilt to the investigative agents as soon as he was confronted and indicated his willingness to plead guilty very early on in the proceedings. Mr. Jenkins saved scarce prosecutorial and judicial resources by his early decision to cooperate with law enforcement and pled guilty in a timely fashion. Therefore, if § 5K3.1 applied in the District of Columbia, it is likely that Mr. Jenkins would have received a four level reduction. A four level reduction in the offense level here would reduce the Guidelines range from 12 to 18 months, a guideline range in Zone D, to 4 to 10 months, a guideline range in Zone B - thereby resulting in an opportunity to receive a term of probation.

*IV. Sentencing Mr. Jenkins to a Sentence of Incarceration would be Unduly Punitive and Would Have a Significant Impact on the Needs of his Daughter*

The imposition of a sentence of imprisonment in the instant case would serve no purpose other than punishment. A sentence of imprisonment on him would prove more detrimental to his character than rehabilitative or instructive. Punishment is indeed one of the purposes of sentencing, but the toll the instant case has taken on his spirits and his family, and the fact that, in any case, conditions will be imposed and his liberty restricted certainly serve - in Mr. Jenkins's case - as adequate punishment. Also, Mr. Jenkins' record in now permanently stamped with a felony conviction that will never be expunged. Further, the impact incarceration would have on his daughter would stunt the growth and emotional stability that both of them have worked so

hard to achieve.

Sentencing Mr. Jenkins to a term of probation[3] is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Mr. Jenkins with needed educational or vocational training and medical care." See 18 U.S.C. § 3553(a).

## CONCLUSION

For all of the foregoing reasons and such other reasons that may be discussed at the sentencing hearing in this matter, Mr. Jenkins respectfully submits that a sentence of probation is adequate to promote the relevant sentencing objectives at issue in this case.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Dani Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500

---

[3] If the Court is of the belief that a straight term of probation is inadequate to meet the sentencing objectives of § 3553(a), the Court should consider sentencing Mr. Jenkins to a term of home detention as a special condition of his probation.