UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROBERT JENKINS,<br>    Defendant. | Criminal No. 06-cr-141 (CKK) |

## **MEMORANDUM OPINION**
(June 11, 2018)

Pending before this Court is Defendant's Writ of Error *Coram Nobis* and Motion to Vacate Conviction, ECF No. 47, which was recharacterized by this Court as a Motion to Vacate, Set Aside or Correct the Sentence Pursuant to 28 U.S.C. Section 2255. *See* February 20, 2018 Memorandum Opinion and Order, ECF No. 56, at 7 (noting the recharacterization of the motion and stating that "[i]n the event that Defendant Robert Jenkins does not elect to withdraw or amend his Motion . . ., this Court will issue a ruling on the Motion as it currently stands.") Further pending before this Court is Defendant's *Pro Se* Motion to Withdraw and Replace in Part ECF No. [47] with Res Nova, ECF No. 62. For the reasons set forth herein, both motions shall be DENIED.

On March 14, 2007, Defendant Robert Jenkins was sentenced to one year and one day of incarceration, followed by three years of supervised release, 100 hours of community service, and a $100 special assessment for court costs after pleading guilty to one count of unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). Following completion of his term of imprisonment, Defendant's supervised release was terminated unsuccessfully on March 29,

1

2011[1]. *See* Judgment for Revocation of Supervised Release, ECF No. 46. Defendant is currently incarcerated at the Low Security Correctional Institution in Butner, North Carolina.

On November 16, 2016, *pro se* Defendant Robert Jenkins ("Defendant"), acting *pro se*, filed a Writ of Error *Coram Nobis* and Motion to Vacate Conviction ("Motion"), for which leave to file was granted by this Court. *See* Def.'s Mot., ECF No. 47. Defendant's Motion sought relief in the form of a writ of error *coram nobis* and *audita querela* as well as the vacating of his conviction. *Id.* Defendant claimed that his 2007 sentence had been imposed unjustly because he was allegedly convinced to enter a guilty plea on the 18 U.S.C. § 922(g)(1) charge despite not having been a felon at the time he possessed the firearm. Defendant argued that his only prior conviction was a Maryland possession of cocaine charge, which was designated as a misdemeanor in Maryland even though it was punishable by up to four years imprisonment.[2] *Id.* On January 17, 2017, the Government filed its Opposition to the Defendant's Motion, and Defendant replied thereto on March 8, 2017. *See* Govt.'s Opp'n, ECF No. 52; Def's Reply, ECF No. 55.

After a careful review of the record in this case, the Court issued a Memorandum Opinion and Order which recharacterized Defendant's Motion as a Motion to Vacate, Set Aside, or Correct the Sentence under 28 U.S.C. § 2255. The rationale contained in that Memorandum Opinion and Order, ECF No. 56, is incorporated by reference herein and summarized as follows. The Court determined that a write of error *coram nobis* was not a remedy which was available to the

---

[1] Defendant's supervised release began on April 7, 2008 and was scheduled to end on April 11, 2011. Report and Recommendation, ECF No. 42. In 2010, Defendant committed two violations of the terms of his supervised release. *Id.* His supervised release was subsequently revoked and terminated unsuccessfully on March 29, 2011. *See* Judgment for Revocation of Supervised Release, ECF No. 46.
[2] Prior to the Defendant's plea hearing, this Court determined that the Defendant's underlying conviction for misdemeanor possession of cocaine in the State of Maryland qualified as a predicate offense because the maximum term of imprisonment for the offense was up to four years. *See* Def's Sentencing Memorandum, ECF No. 22.

2

Defendant because he was and continues to be in federal custody. Nor was a writ of *audita corela* applicable to the facts at issue because "Defendant's argument [was] not that new considerations have arisen since his conviction that warrant vacating his sentence, but rather that his conviction was unjust when rendered." *See* Mem Op., ECF No. 56, at 4-5. Because Defendant did not meet the requirements for either *coram nobis* or *audita querela* relief, the Court determined that his claims may be addressed pursuant to a motion to vacate, set aside, or correct his sentence under 28 U.S. C. § 2255.

In its Memorandum Opinion and Order, the Court notified Defendant that it intended to treat his Motion as a motion pursuant to Section 2255, and warned Defendant that any subsequent motion pursuant to that section would be a "second or successive" motion, subject to the restrictions set forth in Section 2255(h). The Court explained further that the statute of limitations for Section 2255 motions requires filing within one year of the date the judgment becomes final. *See* 28 U.S.C. § 2255(f). The Court permitted Defendant "to withdraw his present motion or, alternatively, to amend it so that it contains all of the claims cognizable under 28 U.S.C. § 2255 Defendant may have." Mem. Op. & Order, ECF No. 56, at 6.

On June 5, 2018, this Court approved the filing of "Defendant's *Pro Se* Motion to Withdraw and Replace in Part ECF No. [47] with Res Nova." *See* Def.'s Mot. to Withdraw and Replace, ECF No. 62. Defendant's instant Motion to Withdraw and Replace does not add any claims cognizable under Section 2255 but instead reiterates his argument urging the Court to consider a writ of error *coram nobis*. Furthermore, while Defendant "withdraw[s] in part" his argument based on a writ of *audita* querela, he also continues to argue that *audita querela* applies. Defendant ignores that this Court has already determined that neither of these theories is applicable

3

to his request that his sentence be vacated, set aside or corrected, and accordingly his Motion to Withdraw and Replace shall be DENIED.

This Court's Memorandum Opinion and Order explained that 28 U.S.C. Section 2255 provides the proper post-conviction mechanism to address the Defendant's claim that the predicate offense supporting his subsequent 18 U.S.C. Section 922(g)(1) guilty plea was insufficient to support his conviction. *See Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003) (Section 2255 may be invoked to address an error of fact or law so fundamental as to render the entire proceeding invalid.) As previously noted, Section 2255 imposes a 1-year limitation period for filing such claims. *See* 28 U.S.C. § 2255 (f). In the instant case, Defendant pled guilty on October 27, 2006, and he was sentenced on March 14, 2007. He did not appeal his conviction or sentence and waited until November 16, 2016, to file the motion challenging the sentence. Accordingly, Defendant's motion for relief is untimely and his Writ of Error *Coram Nobis* and Motion to Vacate Conviction shall be DENIED. A separate Order accompanies this Memorandum Opinion.

_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE